IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| VICTOR HERNANDEZ-RODRIGUEZ<br><br>and<br><br>YOLANDA VALLE,<br><br>*on behalf of themselves and others similarly situated*,<br><br>        *Plaintiffs*,<br><br>    v.<br><br>LGB CONSTRUCTION LLC<br><br>and<br><br>JOSE JIMENEZ,<br><br>        *Defendants*. | Civil Action No.:<br><br>Collective Action Complaint |

## COLLECTIVE ACTION COMPLAINT

1.     Plaintiffs Victor Hernandez-Rodriguez and Yolanda Valle, by and through their undersigned counsel, bring this action against Defendants LGB Construction LLC and Jose Jimenez for failing to pay their employees their legally mandated wages in violation of Section 16(b) of the Federal Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.*, the D.C. Minimum Wage Revision Act (the "DCMWA"), D.C. Code §§ 32-1001 *et. seq.*; the D.C. Wage Payment and Collection Law (the "DCWPCL"), D.C. Code §§ 32-1301 *et. seq.*; the D.C. Workplace Fraud Act, (the "DCWFA"), D.C. Code §§ 32-1331.01.-.15; the Maryland Wage and Hour Law (the "MWHL"), Maryland Code Annotated, Labor and

Employment Article §§ 3-401 *et. seq.*; the Maryland Wage Payment and Collection Law (the "MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 *et. seq.*; and the Maryland Workplace Fraud Act (the "MWFA"), Maryland Code, Labor and Employment Article §§ 3-901 *et. seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Defendants pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337(a) relating to "any civil action or proceeding arising under an Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. This Court has supplemental jurisdiction of Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), as Defendant LGB Construction LLC resides in this district, and all Defendants reside in this state.

## PARTIES

4. Plaintiff Victor Hernandez-Rodriguez was employed by Defendants as a construction worker at various sites in the District of Columbia Metropolitan Area. He completed work at various locations in Virginia, Maryland, and the District of Columbia.

5. Plaintiff Yolanda Valle was employed by Defendants as a construction worker at various sites in the District of Columbia Metropolitan Area. She completed work at various locations in Virginia, Maryland, and the District of Columbia.

6. Defendant LGB Construction Services LLC ("LGB") is a Virginia corporation that provides construction services in the District of Columbia metropolitan area.

7. Defendant Jose Jimenez ("Jimenez") is the owner of LGB Construction Services, was Plaintiffs' immediate superior at LGB, was personally responsible for assigning Plaintiffs' to

their work assignments, and was personally responsible for paying Plaintiffs throughout their employment at LGB at all times relevant to the claims herein.

## FACTUAL ALLEGATIONS

8. Defendants LGB and Jimenez employed Plaintiff Hernandez-Rodriguez to work on different construction projects in the District of Columbia metropolitan area from approximately 2009 or 2010 through 2019. Plaintiff Hernandez-Rodriguez worked at locations in the District of Columbia, Maryland and Virginia.

9. Defendants LGB and Jimenez employed Plaintiff Valle to work on different construction projects in the District of Columbia metropolitan area in 2019. Plaintiff Valle worked at locations in the District of Columbia, Maryland and Virginia.

10. Plaintiffs' services were directed and controlled by Defendants LGB and Jimenez. The work Plaintiffs performed was within the usual course of Defendants' construction business. Plaintiffs were not engaged in work that is customarily an independently established trade, and Plaintiffs were not exempt employees.

11. As construction workers, Plaintiffs employment varied in location depending on the project site to which they were assigned.

12. Each Defendant was an employer of each Plaintiff. The employer-employee relationship existed because each Defendant directly controlled the work of each Plaintiff and had the power to hire and fire each Plaintiff.

13. While employed by Defendants at the Project, Plaintiffs frequently worked in excess of forty hours per week, but they were not paid at the time and a half overtime rate for such overtime work.

14. While working for Defendants, Plaintiffs were treated, for tax purposes, as independent contractors, rather than employees.

15. For example, Defendants did not deduct payroll taxes from Plaintiffs' compensation.

16. For example, Defendants did not compensate Plaintiffs with an overtime premium for hours worked over forty in any one workweek.

17. For example, Defendants issued Plaintiff Hernandez-Rodriguez at least one IRS Form 1099.

18. Plaintiffs' worksite locations did not contain posted notices of employees' rights, including their right to receive overtime compensation for work hours over forty.

19. As employers of the Plaintiffs, Defendants are jointly and severally liable for the Plaintiffs' unpaid wages.

## COLLECTIVE ACTION ALLEGATIONS

20. This action is maintainable, as to the FLSA and D.C. law claims, as an opt-in collective action pursuant to the 29 U.S.C. § 216(b) and D.C. Code § 32-1308(a)(i)(C).

21. Defendants failed to pay Plaintiffs and all others similarly situated one-and-a-half times their regular rate of pay for those hours worked in excess of forty in any one workweek, as required by the FLSA.

22. Defendants improperly classified employees as independent contractors.

23. Defendants' conduct was willful, repeated, knowing, and intentional.

24. This action can, and should, be maintained as a collective action for all claims to unpaid overtime compensation that can be redressed under the FLSA, DCMWA, and the DCWPCL.

25. This action can, and should, be maintained as a collective action for all claims to employee misclassification that can be redressed under the DCWFA.

26. For those claims that can be certified as a collective action, Plaintiffs seek certification of these claims as a collective action on behalf of all employees of Defendants who were not compensated with one-and-a-half times their regular rate of pay for those hours worked in excess of forty in any one workweek, and on behalf of all employees of Defendants who were unlawfully treated as independent contractors when they were in fact employees, at any time from the earliest date actionable under the limitations period applicable to the given claim until the date of judgment.

27. Upon information and belief, there are more than 40 similarly situated current and former employees of Defendants who have been subjected to the same unlawful conduct that Plaintiffs challenge herein.

28. Members of the proposed collective action are similarly situated.

29. Members of the proposed collective action have been subjected to the same or substantially the same pay policies and practices. The identities of the members of the proposed collective action are known to Defendants and can be located through Defendants' records.

30. Plaintiffs hereby consent to be a party plaintiffs in this action under the 29 U.S.C. § 216(b).

## CAUSES OF ACTION

### <u>COUNT I</u>
### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT (FLSA) – OVERTIME

31. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

32. The FLSA requires employers to pay non-exempt employees an overtime premium of one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

33. Defendants violated the FLSA by knowingly failing to pay Plaintiffs and other similarly situated individuals one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

34. Plaintiffs were "employees" and Defendants were their "employers" under the FLSA § 203.

35. Defendants' violations of the FLSA were repeated, knowing, willful, and intentional.

36. WHEREFORE, Defendants are liable to Plaintiffs, and all other similar situated individuals, under the FLSA, 29 U.S.C. § 216(b), for all unpaid wages and unpaid overtime wages, plus an equal amount in liquidated damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT II
**VIOLATION OF THE D.C. MINIMUM WAGE REVISION ACT (DCMWA) – OVERTIME**

37. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

38. Plaintiffs, and all others similarly situated, were "employees" and Defendants were their "employers" under the DCMWA, D.C. Code § 32-1002 *et. seq.*

39. Section 32-1003(c) of the DCMWA provides that "[n]o employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives

compensation for employment in excess of 40 hours at a rate not less than 1 ½ times the regular rate at which the employee is employed."

40. Defendants violated the DCMWA by knowingly failing to compensate Plaintiffs, and all other similarly situated individuals, the rate of time-and-one-half (1½) their regular hourly rate for every hour worked in excess of forty (40) in any one workweek.

41. Defendants' violations of the DCMWA were repeated, willful, and intentional.

42. WHEREFORE, Defendants are liable to Plaintiffs, and all other similarly situated individuals, under the DCMWA, D.C. Code § 32-1012, for all unpaid overtime wages, plus liquidated damages, attorney's fees, costs, and any further relief that this Court deems appropriate.

## COUNT III
## VIOLATION OF THE MARYLAND WAGE AND HOUR LAW (MWHL) – OVERTIME

43. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

44. Plaintiffs and all those similarly situated were "employees" and Defendants were their "employers" under the MWHL, Md. Code, Lab. & Empl. § 3-401.

45. As employers of Plaintiffs and all those similarly situated, Defendants were obligated to pay Plaintiffs at the rate of one and on-half (1½) times Plaintiffs' usual hourly wage for hours worked each week in excess of forty (40) under the MWHL, Md. Code, Lab. & Empl. §§ 3-415, 420.

46. Defendants violated the MWHL by failing to compensate Plaintiffs and all those similarly situated the rate of time-and-one-half (1½) their regular hourly rate for every hour worked in excess of forty (40) in any one workweek.

47. Defendants' violations of the MWHL were repeated, willful, intentional, and in bad faith.

48. WHEREFORE, Defendants are liable to Plaintiffs and all similarly situated employees, under the MWHL , for all unpaid overtime wages, liquidated damages, attorney's fees, costs, and any other further relief this court deems appropriate.

**COUNT IV**
**VIOLATION OF THE D.C. WAGE PAYMENT AND COLLECTION LAW (DCWPCL) – UNPAID WAGES**

49. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

50. Plaintiffs and all those similarly situated were "employees" and Defendants were their "employers" under the DCWPCL, D.C. Code § 32-1301.

51. Under the DCWPCL, D.C. Code § 32-1302, Defendants were required to pay Plaintiffs and all those similarly situated all wages due for work performed.

52. Defendants failed to timely pay Plaintiffs and all those similarly situated all wages due for the hours they worked, in violation of the DCWPCL, D.C. Code § 32-1302.

53. Defendants' violations of the DCWPCL were repeated, willful, and intentional.

54. WHEREFORE, Defendants are liable to Plaintiffs and all those similarly situated under the DCWPCL, D.C. Code § 32-1308, for their unpaid wages, liquidated damages, attorneys' fees, costs, and any other further relief this court deems appropriate.

**COUNT V**
**VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW (MWPCL) – UNPAID WAGES**

55. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

56. Defendants were the "employers" of Plaintiffs and others similarly situated under the MWPCL, Md. Code, Lab. & Empl. § 3-501.

57. Under the MWPCL, Md. Code, Lab. & Empl. § 3-502, Defendants were required to pay Plaintiffs and all similarly situated employees all wages for work performed.

58. Defendants failed to timely pay Plaintiffs and all similarly situated employees their required wage rate for all the hours they worked, in violation of the MWPCL, Md. Code, Lab. & Empl. § 3-502.

59. Defendants violations of the MWPCL were repeated, willful, and intentional.

60. WHEREFORE, Defendants are liable to Plaintiffs and all similarly situated employees under the MWPCL, § 3-507.1, for their unpaid wages, liquidated damages, attorney's fees, costs, and any other further relief this Court deems appropriate.

## COUNT VI
## VIOLATION OF THE D.C. WORKPLACE FRAUD ACT

61. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

62. Defendants classified Plaintiffs as independent contractors, when they were in fact employees. For example, when Defendants paid Plaintiffs and similarly situated individuals, they failed to include payroll deductions or overtime premiums.

63. The D.C. Workplace Fraud Act, D.C. Code §§ 32.1331.01-.15 prohibits employers in the construction industry from improperly classifying employees as independent contractors.

64. Defendants violated the D.C. Workplace Fraud Act by knowingly and improperly classifying Plaintiffs as independent contractors, rather than employees.

65. Each time each Plaintiff was paid as an independent contractor rather than an employee constitutes a separate and independent violation of the Workplace Fraud Act.

66. For their violations of the D.C. Workplace Fraud Act, Defendants are liable to Plaintiffs and all others similarly situated for the wages, salary, employment benefits, and other compensation denied or lost to them by reason of the violations, compensatory damages, treble damages for lost wages or damages, and up to $500 for each violation.

## COUNT VII
## VIOLATION OF THE MARYLAND WORKPLACE FRAUD ACT

67. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

68. Defendants classified Plaintiffs as independent contractors, when they were in fact employees. For example, when Defendants paid Plaintiffs and similarly situated individuals, they failed to include payroll deductions or overtime premiums.

69. The Maryland Workplace Fraud Act, Maryland Code, Labor and Employment Article §§ 3-901 *et. seq.*, prohibits employers from improperly classifying employees as independent contractors.

70. Defendants violated the Maryland Workplace Fraud Act by knowingly and improperly classifying Plaintiffs as independent contractors, rather than employees.

71. Each time each Plaintiff was paid as an independent contractor rather than an employee constitutes a separate and independent violation of the Maryland Workplace Fraud Act.

72. For their violations of the Workplace Fraud Act, Defendants are liable to Plaintiffs for economic damages and treble damages for those economic damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against all Defendants on all counts, jointly and severally, and grant the following relief:

a. Award Plaintiffs and all similarly situated individuals:

    i. unpaid wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C § 216;

    ii. unpaid wages, plus an amount equal to three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

    iii. unpaid wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Maryland Code Annotated, Labor and Employment Article §§ 3-427

    iv. unpaid wages, plus an amount equal to three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    v. unpaid wages, plus an amount equal to three times the amount of unpaid wages as liquidated damages, pursuant to the MWPCL, Maryland Code, Labor and Employment Article §§ 3-507.2;

    vi. $500 per violation in which Plaintiffs and similarly situated individuals were misclassified pursuant to the DCWFA, D.C. Code § 32-1331.01.15;

    vii. The wages, salary, employment benefits, and other compensation denied or lost to them by reasons of the violations of the DCWFA, as well as compensatory damages and treble damages for those lost wages and

benefits;

viii. Damages incurred for the misclassification of Plaintiffs and similarly situated individuals, plus an amount equal to three times such damages; pursuant to the MWFA, Maryland Code, Labor and Employment Article §§ 3-911;

b. Award the Plaintiffs reasonable attorneys' fees and expenses incurred in the prosecution of this action;

c. Award Plaintiffs the costs that they incur in the prosecution of this action;

d. Award any additional relief the Court deems just.

Respectfully submitted,

Dated: 11/14/2019

/s/ Rachel Nadas
Rachel Nadas, VSB # 89440
Matthew K. Handley, *pro hac vice forthcoming*
HANDLEY FARAH & ANDERSON PLLC
777 6th Street, NW – Eleventh Floor
Washington, DC  20001
Telephone:    202-899-2991
email: rnadas@hfajustice.com

Matthew B. Kaplan, VSB # 51027
THE KAPLAN LAW FIRM
1100 N Glebe Rd, Suite 1010
Arlington, VA 22201
(703) 665-9529
mbkaplan@thekaplanlawfirm.com

*Attorneys for Plaintiffs*